```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

DENNIS L. MAXBERRY,            )
                               )
    Plaintiff,               )  Civil Action No. 5:14-185-JMH
                               )
v.                             )
                               )
UNIVERSITY OF KENTUCKY         )      **MEMORANDUM OPINION**
MEDICAL CENTER, et al.,        )           **AND ORDER**
                               )
    Defendants.              )

                        \*\*\*   \*\*\*   \*\*\*   \*\*\*

Dennis L. Maxberry is a resident of West Allis, Wisconsin. Proceeding without an attorney, Maxberry has filed suit against the University of Kentucky Medical Center, the Markey B. Cancer Center, and the National Cancer Institute in Bethesda, Maryland. [R. 1]. Maxberry has also filed a renewed motion to waive payment of the filing fee. [R. 9].

The information contained in Maxberry's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee, and the Court will therefore grant his motion to proceed *in forma pauperis*.

The Court must therefore conduct a preliminary review of Maxberry's complaint. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citing 28 U.S.C. § 1915A), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). The Court evaluates Maxberry's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Maxberry alleges that he was a custodian at the UK Medical Center in the 1980s, and claims that the defendants are infringing his rights under the patent and copyright laws. He further contends that the defendants are "sabotaging" and "stalking" him, both purportedly in violation of federal criminal law. His subsequent allegations are progressively more unusual: Maxberry suggests that venue in this case is governed by a "4th Amendment seizure," and invokes the Racketeering Influenced and Corrupt Organizations Act ("RICO") because of "a lobbying Political issue against the Plaintiff who does not participate in State of Kentucky Political harassment against others. Except for when he was sent to El Paso in 1976 after the Kentucky Texas Western Civil Rights issue the plaintiff was sabotaged by his home state Kentucky and caused an inconvenience of his discharge. . . ." [R. 1, pp. 4-5].

Plaintiff's complaint then makes a series of conclusory and nonsensical references to his discharge from the Third Armored Cavalry Regiment in Texas, a denial of benefits by the Veterans Administration, barriers to accessing his rights under patent and copyright law, and violations of his constitutional rights. *Id*. at 5-6.

Maxberry's intellectual property claims are no more lucid. He contends that the defendants are infringing U.S. Patent No. 08/632,592, "Loading Status in a Hypermedia Browser Having a Limited Available Display Area" (the "8 in 1 patent"), by "sabotage[ing] the Patent and Copyright owner by having children by under legal protected females in the Patent owner's name and is able to spy under 18 U.S.C. § 1952 on the Plaintiff and induce employment and equity under the following claim." [R. 1, p. 6]. Apart from the bizarre nature of the foregoing allegation, the patent number Maxberry provides is not for an <u>issued</u> patent at all, but rather is for a patent <u>application</u>, which in this case is actually for an "Apparatus for barbecue grilling of food," invented by John Frank Arnold as assigned to Flavorsavor Limited.[1] Maxberry also claims that the defendants are violating his copyright in "his beginning writings in the Star Tour's Grand Hotel Resort" which he had submitted [] to the

---

[1] U.S. Patent No. 5,676,049 (filed Oct. 14, 1997), *available at* http://goo.gl/jbcO9f.

City of Lexington where he had claimed to for financing to build his Hotel he would find the cure of Cancer." *Id*.

In his third patent infringement claim, Maxberry describes "U.S. Patent No. 08/632,592" quite differently, not as one for "Loading Status in a Hypermedia Browser Having a Limited Available Display Area", but as for a "System Provided Child Window Controls," and claims it was issued on March 30, 1999.[2] In his fourth and fifth patent claims, Maxberry alleges that the very same "U.S. Patent No. 08/632,592" was issued on yet another date, May 10, 2005, and he refers to it variously as the "551 patent," and the "260 patent."[3]  [R. 1, pp. 9-10, p. 10].

Maxberry indicates in his complaint that he attached copies of the patents in question, but the documents he attached include only three pages of what appears to be a 1996 cover letter to the Patent and Trademark Office ("PTO").  [R. 1-4].  A

---

[2] Both of these patent descriptions are actually related to smartphone display technology, and have nothing to do with cancer research or treatment.  Both Patent No. 6,339,780, entitled "Loading Status in a Hypermedia Browser Having a Limited Available Display Area," and Patent No. 5,889,522, entitled "System Provided Child Window Controls," are patents owned by Microsoft Corporation, and have been reported in the press to be patents-in-suit against smartphone manufacturers who use Google's Android operating system. *See* U.S. Patent No. 6,339,780 (filed Jan. 15, 2002), *available at* http://goo.gl/Z8V4J8; U.S. Patent No. 5,889,522 (filed Mar. 30, 1999), *available at* http://goo.gl/1escpA.
[3] In patent litigation, patents are often referred to by the three terminal digits of their publication number.

thorough search of the PTO's online database,[4] which includes full text searchable data from 1976 to the present date, failed to identify Maxberry as the applicant for, inventor of, or assignee of <u>any</u> patent within that database.[5]  A search of the Copyright Office's online database identified Maxberry as the author of six works,[6] but none of the titles or registration dates suggest any relation, by subject matter or date, to his copyright claims, and he has not attached a certificate of copyright registration to the complaint.

The plaintiff's complaint is subject to summary dismissal on a number of grounds.  First, Maxberry's allegations of patent infringement, copyright infringement, and civil RICO violations are too vague and conclusory to adequately state a claim.  While he claims that the defendants have "infringed" or "violated" his intellectual property rights, he does so only in the most formulaic, broad and conclusory terms.  The Supreme Court has made clear that "a plaintiff's obligation to provide the

---

[4] *Available at* http://patft.uspto.gov/netahtml/PTO/search-bool.html.

[5] The Court takes judicial notice of records and information located on government websites because they are self-authenticating under Federal Rule of Evidence 902. *See Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008); *Rudisill v. Drew*, No. 4:10-761-CMC-TER, 2010 WL 3222194, at *1 n.2 (D.S.C. July 21, 2010); *In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008).

[6] *See* http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=Maxberry+Dennis&Search_Code=NALL&PID=pyUonBgGShDy5sTVaXpO4Pc5sZ80&SEQ=20140807100634&CNT=25&HIST=1.

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Maxberry's allegations fail to satisfy even the liberal notice pleading standard established by Federal Rule of Civil Procedure 8.

Second, Maxberry's complaint does not indicate that he is the legal owner of the patent (as patentee or assignee) under which he purports to sue, without which he lacks standing to assert claims of patent infringement. 35 U.S.C. §§ 100(d), 281; *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (citations omitted). Nor has he filed a certificate evidencing that he registered the work under which he claims copyright infringement with the Library of Congress, also a prerequisite to establish his standing to sue. 17 U.S.C. §§ 501(b), 411(a); *Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014).[7] The Court must raise these issues *sua sponte* as a question of its subject matter jurisdiction over the plaintiff's claims. *Cf. Golden*

---

[7] In addition, Maxberry alleges that he created his copyrightable plan for the "Star Tour's Grand Resort Hotel" in the 1980s [R. 1, pp. 6-7], and the patent application he filed is dated March 12, 1996. [R. 1-4]. However, on September 4, 2001, Maxberry received a discharge in his Chapter 7 bankruptcy. *In re: Maxberry*, No. 2:01-BK-26130 (Bankr. E.D. Wis. 2001). Because intellectual property rights become an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541(a), his bankruptcy discharge casts further doubt upon his ownership rights to the patents and copyrights in question.

*Eagle USA, L.L.C. v. Consol. Indus. Corp.*, 161 F. App'x 949, 951 (Fed. Cir. 2006).

Third, in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*), the Sixth Circuit authorized district courts to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Where the plaintiff's claims are without the "legal plausibility necessary to invoke federal subject matter jurisdiction," the district court may dismiss the complaint upon its own motion. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

Here, Maxberry's allegations consist of a series of bizarre allegations that the UK Hospital and the Markey Cancer Center are "stalking" and "sabotaging" him in violation of various constitutional provisions, federal criminal laws, and the civil RICO statute, infringed a patent or patents that he plainly does not own "by having children by under legal protected females in the Patent owner's name. . .", and violated an unregistered copyright for his design for a "Grand Hotel Resort" which would cure cancer. Such claims are self-evidently without substance, and may be dismissed *sua sponte* under *Apple v. Glenn*. *See*

*Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (affirming district court's dismissal of patently insubstantial claims under *Apple v. Glenn*); *Hazelrigg v. Kentucky*, No. 5:13-cv-148-JMH, 2013 WL 3364345, at *2 (E.D. Ky. July 3, 2013) (dismissing plaintiff's claims as frivolous and because they lacked legal plausibility).

Finally, the Court notes that in the federal district where Maxberry resides, the Eastern District of Wisconsin, since as far back as 1997 the federal district court has barred Maxberry from filing new civil actions because of his established history of "filing indecipherable and frivolous claims." That court has denied his repeated requests to lift that filing bar in 1998, 1999, 2004, 2007, and 2010. *Maxberry v. Goodwill Indus. of Se. Wis., Inc.*, No. 10-CV-655, 2010 WL 3583942, at *1 (E.D. Wis. Sept. 9, 2010) (collecting cases).

Perhaps seeking to avoid that restriction, starting in 2012 Maxberry filed a series of lawsuits in federal courts outside that state, including in the District of Columbia, Pennsylvania, Ohio, Indiana, Illinois, and Kentucky. In these cases, the courts were apparently unaware of the filing bar in Wisconsin, but dismissed the complaint on independent grounds, including failure to state a claim, lack of jurisdiction, improper venue, res judicata, the statute of limitations, or some combination of these factors. *See Maxberry v. Dep't of the Army, Bd. of*

*Correction of Military Records*, 952 F. Supp. 2d 48 (D.D.C. 2013); *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73 (3d Cir. July 25, 2013) (affirming district court's dismissal); *Maxberry v. Progressive Ins. Corp.*, No. 1:13-CV-398-RPC, 2013 U.S. Dist. LEXIS 40208, at *4 (N.D. Ohio. Mar. 21, 2013); *Maxberry v. ITT Tech. Inst., L.L.C.*, No. 1:13-cv-409-SEB-DML, 2014 WL 895675 (S.D. Ind. Mar. 5, 2013); *Maxberry v. Veterans Admin.*, No. 1:13-CV-3380 (N.D. Ill. 2013).

In late 2013, Maxberry then filed two additional lawsuits in the <u>Western</u> District of Wisconsin, each containing a jumble of the claims he had previously asserted in the cases he had filed outside the state, and which appear to include some variation on the patent and copyright claims he has asserted in this action. Both actions were promptly dismissed for failure to state a claim, decisions summarily affirmed on direct appeal. The Seventh Circuit Court of Appeals further imposed two separate $1,000.00 sanctions against Maxberry for filing frivolous appeals, and directed all court clerks within the circuit to return unfiled any document filed by Maxberry until the fine was paid. *Maxberry v. Keller Graduate School of Mgmt as Devry Univ.*, No. 3:13-CV-802-BBC (W.D. Wis. 2013), at [D.E. 22]; *Maxberry v. Veterans Admin. & Veterans Affairs*, No. 3:13-cv-835-BBC (W.D. Wis. 2013), at [D.E. 17].

9

This Court is not, of course, bound by the Eastern District of Wisconsin's filing bar, but finds that dismissal of this case is further warranted because Maxberry's complaint presents exactly the same sort of "indecipherable and frivolous claims" that warranted the imposition of that filing bar in the first instance.

Accordingly, **IT IS ORDERED** that:

1. Maxberry's motion to proceed *in forma pauperis* [R. 9] is **GRANTED**.

2. Maxberry's complaint [R. 1] is **DISMISSED.**

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 7th day of August, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge